

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| DENISE M. TORRES, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:19-02000-MGL |
| | § | |
| ANDREW SAUL, *Commissioner of* | § | |
| *the Social Security Administration*, | § | |
|     Defendant. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND
AFFIRMING THE DECISION OF DEFENDANT**

    This is a Social Security appeal in which Plaintiff Denise M. Torres (Torres) seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (Act). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court affirm Saul's decision. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on July 22, 2020, and Torres filed her Objections to the Report (Objections) on August 12, 2020. Saul, on August 24, 2020, filed a reply to Torres's Objections (Reply). The Court has reviewed the Objections, but holds them to be without merit. The Court will therefore enter judgment accordingly.

On September 19, 2013, Torres filed her applications for DIB and SSI. She originally contended her disability commenced on January 9, 2009. She later amended her alleged onset date to be January 1, 2013. Saul denied Torres's applications for DIB and SSI initially and upon reconsideration. Torres then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on February 4, 2016.

On June 16, 2016, the ALJ issued a decision in which he found Torres suffered from certain severe impairments, but was still able to perform work at the sedentary level (2016 Decision). The Appeals Council denied Torres's request for review of the ALJ's decision. Torres then filed an action for judicial review with the Court. The Court, thereafter reversed Saul's decision and remanded the case to him for further administrative proceedings.

The Appeals Council then sent the case back to the ALJ for further adjudication. The ALJ conducted a second hearing on March 14, 2019, and the ALJ subsequently held in his May 16, 2019 decision Torres had not been under a disability as defined under the Act during the relevant time period. Torres failed to request the Appeals Council to review the ALJ's decision. Accordingly, on July 18, 2019, Torres filed the underlying action against Saul.

The Act has, by regulation, reduced the statutory definition of "disability" to a series of five sequential questions to determine if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment as set forth in the Listings of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix I; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Torres raises four Objections to the Report. First, she avers the Magistrate Judge improperly determined substantial evidence supported the ALJ's finding Torres failed to prove she would need to miss more than one day of work per month for medical treatments. Specifically, Torres argues the Magistrate Judge improperly considered evidence not cited by the ALJ that supported the ALJ's rationale. This argument is unpersuasive and contrary to the analysis set forth in the ALJ's decision. In her Report, the Magistrate Judge noted:

> [Torres] contends the Court should disregard [Saul's] arguments on the issue of her headaches because the arguments are impermissible *post hoc* rationalizations not included in the ALJ's [d]ecision, which "is comparatively silent on the issue." [Although] the [Magistrate Judge] agrees that the ALJ could have provided a more thorough discussion of [Torres's] migraine headaches and their impact on her anticipated absenteeism, the [d]ecision is not "silent" on the issue as [Torres] suggests. The [ALJ] decision makes clear that the ALJ, at the very least, considered [Torres's] headaches in relation to her ability to sustain a standard work schedule and determined that [her] headaches were less frequent than she alleged. The treatment notes referenced by [Saul], although not explicitly cited in the decision, simply reinforce that the ALJ's conclusion is supported by substantial evidence.

Report at 11, n.4 (citations omitted). Furthermore, the Magistrate Judge, in her Report, thoroughly discussed the substantial evidence that supported the ALJ's findings and determined "there is

4

nothing in [Torres's] treatment history that indicates [she] would have needed to miss more than one day of work each month on a permanent basis to treat her conditions." *Id.* at 12.

Torres further argues the Magistrate Judge failed to address her argument the ALJ failed to rely on appropriate vocational testimony to counter his determination available jobs to Torres provided (1) employer supported unpaid leave time, and (2) available leave and breaks. Torres's argument is unpersuasive, as the Magistrate Judge did not need to address this issue. But, as Saul aptly noted, "there was no need for the Magistrate Judge to address this issue beyond assessing whether substantial evidence supported the ALJ's finding that [Torres] failed to prove she would need to miss more than one day of work per month for medical treatment." Saul's Reply at 3. As the Court noted above, there is substantial evidence in the record supporting the ALJ's conclusion "there is nothing in [Torres's] treatment history that indicates [she] would have needed to miss more than one day of work each month on a permanent basis to treat her conditions." Report. at 12. Accordingly, the Court will overrule Torres's first objection.

Second, Torres argues the Magistrate Judge improperly determined substantial evidence supported the ALJ's findings regarding Dr. C. Stuart Dawson's opinion. The Magistrate Judge underwent a detailed and thorough analysis of Dr. Dawson's opinion and found "the ALJ's decision to afford little weight to the opinion of Dr. Dawson is supported by substantial evidence." Report at 20. Torres fails to meaningfully address the Magistrate Judge's finding that substantial evidence supported the ALJ's determination regarding Dr. Dawson's opinion. As such, the Court will also overrule this objection.

Third, Torres contends the Magistrate failed to address the inconsistency between the weight the ALJ gave to the medical opinions and the lack of explanation for the residual functional capacity (RFC). Primarily, Torres questions how the ALJ can give significant weight to state

agency medical consultants and subsequently make a more restrictive RFC determination. The Magistrate Judge cited to numerous authorities showing "this Court has consistently found no error where the ALJ accorded some weight to a state agency consultant's opinion, but issued greater limitations in the RFC assessment in order to give the claimant the 'benefit of the doubt.'" Report at 22. The Court agrees and, thus, will overrule this objection, too.

Fourth, Torres insists the Magistrate Judge should not have found substantial evidence supported the ALJ's finding Torres's subjective complaints were inconsistent with medical records and other evidence in the record. The Magistrate Judge underwent a detailed examination of the ALJ's analysis of Torres's subjective complaints. *See* Report at 22–29. Specifically, the Magistrate Judge noted in her Report, "Contrary to [Torres's] arguments, . . . a review of the [ALJ's] [d]ecision shows that the ALJ considered [her] subjective complaints against the record as a whole and that his findings are consistent with and supported by substantial evidence." *Id.* at 24. The Court agrees. Consequently, it will overrule this objection, as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Torres's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Saul's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 30th day of September 2020, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE